Frederick Backer, J.
The following additional findings of fact and conclusions of law are made supplementing those submitted by the plaintiffs and defendants and which have been passed upon simultaneously herewith.
1. That in addition to those findings approved and made in the finding submitted by the parties respecting their oral understanding and agreement as of April 6, 1956, the court further finds that plaintiff Nat Regenstreif agreed either to personally finance or obtain financing for the corporation in the manufacturing of the polarized light panels; that it was never within the contemplation or intent of the Regenstreifs or Kahns that such financing by Nat Regenstreif, or others, was to be without limit.
*613 2. That Nat Regenstreif did actually advance and finance the corporation with moneys in an amount greater than that which was contemplated by Nat Regenstreif and Myron Kahn at the time of the making of their original oral agreement. Moreover, it is admitted by Mr. Kahn that the sums so advanced by Mr. Regenstreif, for all purposes, did total a minimim of $45,000, although the latter claims it actually amounted to $52,435.
3. As to the claim by defendants that plaintiff Nat Regenstreif improperly charged and overcharged the corporation $300 monthly rent for factory space, the court cannot find that the charge made was excessive in view of the fact that no adequate or proper proof was submitted which would enable the court to determine and fix the fair and reasonable value of the space apportioned for the corporate use. Accordingly, this issue will have to be adjudicated, as the parties may be advised, in some other future proceeding.
4. In Findings 14 and 15 as proposed by plaintiffs, the court has refused the findings in the form proposed in view of the ultimate finding that defendants did not fraudulently plan or conspire to defraud the corporation nor did they intentionally or fraudulently seek to convert moneys of the corporation to their own use. It is the finding of the court, however, as expressed in Findings 14 and 15, that the defendants did change banks and did deposit corporate checks therein upon their belief, and also upon advice of their counsel, that they could do so rightfully and legally in the circumstances. Above the amounts withdrawn by Myron Kahn for his weekly salaries the balance of the moneys so deposited were actually used for corporate funds, except for the sum of $1,000 referred to in plaintiffs’ Finding 16a and Conclusion 8.
5. That plaintiff Nat Regenstreif was under no duty to provide or obtain additional financing for the corporation; that the failure of further financing was not the fault of plaintiff Nat Regenstreif alone but was the result of the dissension, inability and failure of both Nat Regenstreif and Myron Kahn to further agree on modifications of their original agreement of April 6,1956.
6. The counterclaim of the defendants for a declaratory judgment is refused and dismissed. While it may be that the net practical result of the determination herein may create an impasse between the parties, this court is nevertheless powerless to adjudicate their relationships further than the issues presented by this action. Section 103 of the General Corporation Law governs the course of procedure to be followed to satisfy defendants’ request for relief for adjudication and *614 declaration of the rights and legal relationships of the parties herein. The proceeding is purely statutory and must be followed strictly. The authority of the courts is limited to that given by the statute itself. None of the requirements of section 104 of the General Corporation Law, relating to the contents of a petition and schedule upon a proceeding under the statute, have been presented to the court on the trial of the instant action.
My conclusion, therefore, supplementing those already passed upon, is that defendants’ counterclaim for declaratory judgment is hereby dismissed.
All of the foregoing, together with the formal findings of fact and conclusions of law requested by respective counsel and passed upon by me simultaneously herewith, constitute the decision of this court as provided by section 440 of the Civil Practice Act.
All motions upon which decision was reserved are hereby denied except the motion to dismiss defendants’ counterclaim, which is granted.
The exhibits have been returned to the clerk of the Trial Part, who will return them to respective counsel upon request therefor.
Settle decision and judgment.